## Ex Parte Gastón.

### Appeal from the District Court of Ponce.

No. 16.—Decided April 24, 1905.

Habeas Corpus—Want of Jurisdiction—Fundamental Errors.—In order that a prisoner may be discharged on a *habeas corpus* proceeding he must allege a want of jurisdiction on the part of the trial court or fundamental errors which render the judgment against him null and void.

Id.—Failure to Set a Case for Trial.—The fact that the trial of a case is had, without first setting the same for trial, is not a sufficient reason to render the judgment therein null and void and warrant the discharge of the prisoner on *habeas corpus*.

Id.—Arraignment—Holding Trial.—If the accused was present at the arraignment and at the oral trial he cannot afterwards allege as a basis for an application for a writ of *habeas corpus* that he was not informed of the charge brought against him and that he was not summoned to appear at the trial.

Regularity of Proceedings Held in Municipal Courts.—Municipal courts are not courts of record, and entries upon the docket of cases prosecuted before such courts are sufficient to establish *prima facie* the correctness of the proceedings had therein, it being incumbent upon the party attacking the same to prove their irregularity.

The facts are stated in the opinion.

*Mr. Llorens Torres,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

Mr. Justice MacLeary delivered the following opinion of the court:

The appellant in this case was convicted in the Municipal Court of Ponce of a breach of the peace, and sentenced to three months in prison and to the payment of a fine of two hundred dollars. This judgment was rendered on the 17th of January, 1905. On the 13th of March following he made application to the District Judge of the Ponce District for a writ of *habeas corpus,* alleging various irregularities in the proceedings by which he was convicted, but nothing to show a fundamental error or want of jurisdiction. The writ of *habeas corpus* was issued and on the 17th of March the Hon. José Tous Soto rendered a judgment in the following words:

"This petion for *habeas corpus* having been heard on the 14th of March, 1905; the warrant executed by the warden of the jail of this city, presenting the prisoner in person, having been examined; having heard the evidence offered by the parties, and the arguments on the same having been heard, The People of Porto Rico being represented by the *fiscal,* and the accused by his attorney, Luis Llorens;

"Whereas, it appearing from the proceedings had in the municipal court and from Paragraph II of this petition that the prosecution against the accused, which resulted in his present imprisonment, was conducted in due form and according to law, the failure of the court previously to set a day for the trial is not sufficient to warrant the annulment of the judgment rendered therein, as the accused could have demanded a suspension of the proceedings in order to have an opportunity to present witnesses, and notwithstanding his right so to do, he did not avail himself of the same.

"Whereas, according to the declaration made by the secretary of the municipal court, the information was read to the accused, and he having been present at the preliminary hearing and having signed the document which was drawn up for the purpose, although this formality is not required by the law, the petitioner cannot successfully al-

lege that the judge did not advise him of the contents of the information or comply with the other requirements of section 24 of the Revised Code of Criminal Procedure.

"Whereas, the accused having been present at the trial, his allegation that he was not cited to appear at the same is not supported.

"Whereas, the allegation that it does not appear from the record of the proceedings that the witnesses testified under oath cannot be considered, because the municipal court not being a court of record, the record of the proceedings was unnecessary, the entries on the docket being sufficient to show *prima facie* the correctness of all the proceedings, it being incumbent upon the accused to prove the contrary, and, moreover, the secretary of the municipal court declares that the witnesses were examined under oath.

"Wherefore, the court is of the opinion that the grounds of this application for the writ of *habeas corpus* are not sufficient to warrant the imprisonment of Andrés Gastón Guilbe or Andrés Guilbe, being considered illegal, and therefore the court denies the said petition, and the prisoner must continue under his present custody."

The foregoing judgment states the law as applicable to cases of this kind, and we cannot do better than adopt it as our opinion; and for the reasons expressed therein the judgment of the district court should be affirmed, and the prisoner remanded to the custody of the jailor to serve out his sentence.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.